IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARNETTA GILLIAM,

Plaintiff,

v.

BERKELEY CONTRACT PACKAGING, LLC (IL),

Defendant.                              No. 12-cv-1174-DRH-SCW

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.  INTRODUCTION

Pending before the Court is Defendant Berkeley Contract Packaging, LLC (IL) ("Berkeley")'s motion for attorneys' fees (Doc. 42). Essentially, Berkeley argues that Gilliam's claims were baseless, thus entitling Berkeley to reasonable attorneys' fees for its effort to defend said claims. According to the fee petition, Berkeley moves the Court to award fees totaling $33,021.50. Naturally, plaintiff Arnetta Gillian ("Gillian") filed a response (Doc. 44). For the following reasons, the Court **DENIES** Berkeley's motion for attorneys' fees.

### II.  BACKGROUND

Gilliam filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") in July 2011. On June 14, 2012, the IDHR issued Gilliam a Notice of Substantial Evidence (Doc. 38-1). The EEOC adopted the IDHR's findings and issued Gilliam a Notice of Suit Rights, on October 11, 2012 (Doc. 38-2).

Gilliam filed her initial complaint, raising claims solely under the IHRA, in state court in Madison County, Illinois, on September 11, 2012. Berkeley removed Gilliam's amended complaint, which raised additional claims under Title VII, to this Court on November 15, 2012 (Doc. 2).

Gilliam's amended complaint alleged that Lockhart persisted with unwelcomed comments, leering, and touching toward Gilliam nearly every day she worked between May 2011 and the date of her termination. Gilliam's amended complaint also brought separate counts of *quid pro quo* and hostile work environment sexual harassment under both Title VII and the IHRA.

Berkeley filed a motion for summary judgment arguing that Gilliam could not establish a *prima facie* claim of sexual harassment (Doc. 25). After Gilliam answered the latter motion, this Court on June 27, 2014, granted summary judgment as to all four counts of Gilliam's amended complaint (Doc. 39).

After this Court entered summary judgment and dismissed the case with prejudice, Berkeley on July 11, 2014, timely filed its motion for attorneys' fees (Doc. 42) pursuant to Fed. R. Civ. P. 54(d)(2), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k) and the Illinois Human Rights Act, 775 ILCS 5/2-101(E). Berkeley requests an award of $33,021.50 in attorneys' fees for its effort to defend the aforementioned claims, and suggests this amount to be the "lodestar"—the hours reasonably expended multiplied by the reasonable hourly rate. *See Pickett v. Sheridan Health Care,* 664 F.3d 632, 640–43 (7th Cir. 2011).

Gilliam filed a response in opposition to this motion on July 25, 2014 (Doc. 44). Berkeley argues that Gilliam's case was "frivolous, unreasonable and

groundless from the outset," therefore entitling defendant to attorneys' fees. (Doc. 42, pp. 3, ¶14). The Court disagrees.

### III. ANALYSIS

The attorneys' fee provision contained in 42 U.S.C. § 2000e-5(k), provides that, in a Title VII action, "the court, in its discretion, may allow the prevailing party... reasonable attorneys' fee[s]...as part of the costs...." While under this provision a prevailing plaintiff is generally awarded attorneys' fees, a different standard is applicable for an award of fees to a defendant in a civil rights action.

A prevailing defendant seeking an award of attorneys' fees must establish that the plaintiff's action was "frivolous, unreasonable, or without foundation," even if the claim was not brought in bad faith. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

Prior to filing her initial complaint with the court, Gilliam filed a Charge of Discrimination with the IDHR and EEOC in July 2011. IDHR's issuance of a Notice of Substantial Evidence supports a finding that Gilliam's claims were not frivolous, unreasonable, or without foundation. The Director of IDHR concluded in a letter to Gilliam on June 14, 2012 (Doc. 38-1), that based on the information Gilliam provided, there was substantial evidence of a civil rights violation. This was five months before Gilliam filed her initial complaint. Thereafter, EEOC adopted IDHR's finding and issued Gilliam a Notice of Suit Rights on October 11, 2012 (Doc. 38-2). It was readily apparent from the letters to Gilliam from EEOC and IDHR's Directors that they believed enough

evidence existed to support a lawsuit for an alleged civil rights violation. Thus, the Court finds that Gilliam's claims were not frivolous, unreasonable or without foundation.

Although the evidence did not establish a *prima facie* case for sexual harassment to survive summary judgment by the Court, the outcome of a case is not dispositive of a fee award. A plaintiff's claim "must be groundless or without foundation, but the fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Cooney v. Casady*, 735 F.3d 514, 521 (7th Cir. 2013) (internal quotations omitted).

While the Court granted summary judgment in favor of Berkeley, it will not conclude that Gilliam's claims were groundless solely because they were unsuccessful.

### IV. CONCLUSION

Accordingly, the Court **DENIES** Defendant Berkeley's motion for attorneys' fees (Doc. 42).

**IT IS SO ORDERED.**

Signed this 4th day of September, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.04 15:58:14 -05'00'

**Chief Judge**
**United States District Court**